[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10797
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cr-60244-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN BELIZAIRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 16, 2021)

Before WILSON, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Alain Belizaire appeals his sentence of 240 months imprisonment, arguing that it is substantively unreasonable. On December 4, 2019, Belizaire pled guilty to one count of conspiracy to possess with intent to distribute cocaine, crack cocaine, fentanyl, and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. He was subsequently sentenced to 240 months imprisonment, followed by three years supervised release. Belizaire argues that his sentence is substantively unreasonable because the district court failed to impose a sentence that was "sufficient, but not greater than necessary" to achieve the goals of punishment, deterrence, and rehabilitation, as required under 18 U.S.C. § 3553(a).

We review the substantive reasonableness of an imposed sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging [the] sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded [to] sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Section § 3553 governs the imposition of sentences. The sentence imposed shall be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public

2

from further crimes of a defendant, and provide treatment, care, or training to a defendant in the most effective manner. 18 U.S.C. § 3553(a)(2). Among other factors, the district court must also consider the "nature and circumstances of the offense," "the history and characteristics of the defendant," the applicable guidelines range, and the "need to avoid unwarranted sentence disparities" among people with similar records who were found guilty of similar conduct. *Id.* § 3553(a)(1)–(7).

While the district court must consider all applicable factors, "how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (internal quotation mark omitted). The sentencing court may attach "great weight to one factor over others." *Id.* (internal quotation marks omitted). The district court need not discuss each factor explicitly; an acknowledgment that the court "has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

An imposed sentence is substantively unreasonable only when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."

*Rosales-Bruno*, 789 F.3d at 1256. Ordinarily, a sentence within the guideline range is reasonable. *Gonzalez*, 550 F.3d at 1324.

Here, Belizaire's sentence is not substantively unreasonable. The district court considered the nature, circumstances, and seriousness of the offense. The court acknowledged that Belizaire was remorseful, that he had been cooperating with the government—though it had not yet led to an arrest—and that the crime had resulted in someone's death. In light of all of the factors, the judge reasoned that a 240-month sentence was appropriate. This sentence is within the guidelines range.

The district court was not required to expressly address each of the § 3553(a) factors. *Id.* It was within the district court's discretion to give more weight to the seriousness and outcome of the offense and less weight to Belizaire's remorsefulness or commitment to rehabilitating himself. Belizaire failed to meet his burden to show that his sentence is unreasonable. Accordingly, we affirm.

**AFFIRMED**.